UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LAWRENCE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14-cv-00395-JMS-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**Order to Show Cause Pursuant to Federal Rule of Evidence 706**

This matter is before the Court on Plaintiff's Motion for Approval of Enlarged Budget [Filing No. 101], requesting that the Court provide funds for the retention of an expert witness. For the following reasons, the Court **orders the parties to show cause** why the Court should not appoint a neutral expert witness to consider the medical issues raised by Plaintiff's lawsuit.

**I.  Background**

This matter involves Plaintiff Lawrence Coleman's allegations he received deficient medical treatment for genital warts while incarcerated at the Federal Correctional Institute in Terre Haute, Indiana. [Filing No. 1.] Mr. Coleman, initially proceeding *pro se*, filed his claims under the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). [Filing No. 1.] The Court granted summary judgment for Nurse Smith on Mr. Coleman's *Bivens* claim [Filing No. 34] and recruited counsel to prosecute the remaining FTCA medical malpractice claim [Filing No. 72]. Mr. Coleman, by his recruited counsel, now moves the Court to provide funding totaling $19,040 to, among other things, retain an expert witness for this matter. [Filing No. 10.]

## II. Discussion

This Court lacks the funds to provide expert witnesses for every indigent litigant requiring such services. Notwithstanding this reality, Federal Rule of Evidence 706 provides an avenue for the Court to appoint and apportion the costs for a neutral expert witness. Fed. R. Evid. 706; *Turner v. Cox*, 569 F. App'x 463, 468 (7th Cir. 2014) ("A court may appoint an expert to help sort through conflicting evidence, but it need not appoint an expert for a party's own benefit . . . ." (internal citation omitted)). The Seventh Circuit has strongly encouraged district courts to consider appointing neutral experts in cases where an indigent plaintiff, pursuing a potentially meritorious claim, is virtually certain to fail due to his inability to oppose the defendant's retained expert. *E.g.*, *Rowe v. Gibson*, 798 F.3d 622, 631-32 (7th Cir. 2015) ("Because of the profound handicaps under which the plaintiff is litigating and the fact that his claim is far from frivolous, we urge the district judge to give serious consideration to . . . appointing a neutral expert witness, authorized by Fed. R. Evid. 706, to address the medical issues in this case . . . .").

Indiana tort law provides the substantive standards for Mr. Coleman's FTCA case. *Bowen v. United States*, 570 F.2d 1311, 1316 (7th Cir. 1978). Indiana law requires a medical malpractice plaintiff to show that the defendant "(1) owed a duty to the plaintiff; (2) breached its duty by conduct falling below the standard of care; and (3) proximately caused a compensable injury through breach of that duty." *Jones v. United States*, 2011 WL 61160, at *1 (S.D. Ind. 2011) (citing *Whyde v. Czarkowski*, 659 N.E.2d 625, 627 (Ind. Ct. App. 1995)).

A neutral, court-appointed expert would be able to discuss the professional standard of care for treating Mr. Coleman's condition and opine on whether Defendant's conduct fell below that standard of care. *Cf., e.g.*, Entry Regarding Request for Pre-Authorization to Incur Expenses and Directing Further Proceedings, *Kelley v. Talbit*, No. 1:15-cv-01529, ECF No. 57 (Jan. 23, 2017)

(noting in Eighth Amendment deliberate indifference case that court-appointed neutral expert "would be able to discuss the professional standards related to Mr. Kelly's conditions and opine whether the defendants' care for him departs far enough from the standard of care to qualify as deliberately indifferent"). If the only expert in this matter were Defendant's retained expert, Mr. Coleman would likely be outresourced regarding such issues, without regard to the potential merit of his claim. Accordingly, the Court believes that it would be appropriate in this case to heed the Seventh Circuit's clear suggestion in *Rowe* and appoint a neutral expert witness under Rule 706.

### III. Conclusion

The Court proposes the following procedure for the appointment of a Rule 706 expert:

A. The expert(s) should be selected as follows: (1) each party should submit to the other by a date certain a list of three potential experts who are qualified and willing to opine on the matters at issue in this case; (2) within 14 days of exchanging lists, the parties should confer to determine if they can agree to one of the six potential experts; (3) during that conference, if the parties cannot agree on an expert, each party can strike two of the experts on the other party's list, leaving two potential experts, one from each list; (4) the remaining two experts will be submitted to the Court for consideration and the Court shall determine which of the two should be appointed.

B. The parties shall confer and attempt to reach an agreement regarding the scope of the inquiry to be conducted by the Rule 706 expert and file a Notice containing the proposed scope by a date certain. If they cannot reach an agreement regarding the scope of the inquiry, they shall file a motion asking the Court to determine the appropriate scope.

C. Once the expert has rendered an opinion, that opinion shall be filed with the Court.

D. Costs incurred in appointing the expert will be apportioned as follows: the first $15,000 in costs incurred through the use of the Rule 706 expert will be borne equally by the defendants and the Court, the Court's share to be paid in the spirit of Local Rule 87(g). This means that the Court will contribute up to $7,500 to pay the expert. Any fees charged by the Rule 706 expert above $7,500 will be borne by the defendants in the first instance.

The parties shall have through **April 28, 2017** to object, propose any revisions or alternatives, or agree to the proposed procedure.[1]

Date: 4/5/2017

_____
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Cristina A. Costa
TAFT STETTINIUS & HOLLISTER LLP
CCosta@taftlaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov

---

[1] Plaintiff's Motion for Approval of Enlarged Budget [Filing No. 101] remains **under advisement**.